IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
George W. LYONS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

George W. LYONS, Respondent.

Supreme Court

*No. 03–2080–D. Decided October 30, 2003.*

2003 WI 139

(Also reported in 670 N.W.2d 550.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney George W. Lyons and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1]

¶ 2. On August 6, 2003, the OLR filed a complaint in this court alleging one count of misconduct against Attorney Lyons. Lyons did not file an answer, but instead, he and the OLR filed a stipulation in which Lyons admitted the facts and misconduct as alleged in the OLR complaint and agreed to the level of discipline the OLR sought in this disciplinary matter—a six-month suspension of Lyons' license to practice law in this state.

¶ 3. We approve the stipulation and adopt the stipulated facts and conclusions regarding Lyons' misconduct as alleged in the OLR's complaint. We determine that the seriousness of Attorney Lyons' misconduct warrants suspension of his license to practice law for a period of not less than six months.

¶ 4. George W. Lyons was born on June 18, 1924, and was admitted to the practice of law in Wisconsin in 1952. Lyons' license to practice law has been suspended for nonpayment of mandatory bar dues since October 31, 2002.

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised in part. Some of the conduct underlying this case arose prior to October 1, 2000. However, the complainant in this case will be referred to as the OLR. All references to supreme court rules will be to the current version of the supreme court rules unless otherwise noted.

¶ 5.    The OLR complaint asserted that in 1991, Lyons was convicted on two felony counts of second-degree sexual assault of a child; sentencing was withheld and Lyons was placed on probation for 11 years. However, prior to the expiration of his probation, revocation proceedings were commenced based on Lyons' admission that he had had inappropriate contact with two minors while he was on probation. As a result, Lyons' probation was revoked and on November 21, 2002, he was sentenced to two consecutive five-year prison terms for the underlying 1991 convictions. Lyons currently remains incarcerated on those sentences.

¶ 6.    Neither the OLR, its predecessor (the Board of Attorneys Professional Responsibility), nor this court were informed of Lyons' 1991 conviction and sentence or the subsequent revocation of his probation and sentencing. In June 2002 a citizen sent a letter to the state bar questioning why a convicted child molester remained a member of the bar. That inquiry was referred to the OLR who then commenced this investigation leading to the misconduct complaint.

¶ 7.    The OLR complaint alleged, and Lyons now agrees and stipulates, that his conduct involving the inappropriate touching of two children which resulted in the revocation of his probation and subsequent incarceration, violated SCR 20:8.4(b). Specifically it was alleged that Lyons had committed a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).

¶ 8.    Lyons admits to the facts as alleged in the OLR complaint and agrees with the OLR that his misconduct warrants a suspension of his license to practice law in this state for a period of six months.

¶ 9. The memorandum in support of the stipulation jointly filed by the OLR and Lyons, notes that a six-month suspension of Lyons' license would require him to petition for reinstatement should he ever seek to do so. Lyons would then be required to affirmatively prove by clear, satisfactory, and convincing evidence, his fitness to resume practice pursuant to SCR 22.31.

¶ 10. We believe a six-month suspension is an appropriate sanction in light of the egregious nature of Lyon's misconduct; moreover, as noted, a suspension of that length will require him to petition for reinstatement. SCR 22.28(3). It is also generally consistent with the level of discipline imposed in similar prior cases. Accordingly, we approve the stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. *See* SCR 22.12(2). We determine, under these particular facts and circumstances, that Lyons' license to practice law be suspended for a minimum period of six months as discipline for his admitted violation of the Rules of Professional Conduct governing lawyers in this state.

¶ 11. IT IS ORDERED that the license of George W. Lyons to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 12. IT IS FURTHER ORDERED that George W. Lyons comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.